OPINION OF THE COURT
Frank M. Klinger, J.
The question presented concerning which there has been no recorded New York State case law is whether "restitution” or "reparation” as ordered by a criminal court must be limited to provable compensatory damages for medical expenses or lost wages, or whether such damages may also include a sum to compensate the victim for the fact of the injury — whether the latter be termed compensation for "pain and suffering”, "punitive damages”, "general damages” or some similar term.
Restitution is set forth in Penal Law §§60.27 and 65.10— but neither of these sections nor the Practice Commentaries to them, nor the case law cited in McKinney’s Consolidated Laws of New York provides us any answer to the question presented.
Section 60.27 states that the District Attorney, upon notification by a victim if such victim seeks restitution, shall advise the court as to "the extent of injury or economic loss or damage of the victim, and the amount of restitution sought by the victim”.
Subdivision (2) of section 60.27 provides that whenever the court requires restitution to be made, the court "must make a finding as to the fruits of the offense or the loss or damage caused by the offense”. But must such loss be capable of *229 dollar-for-dollar documentation? Section 60.27 (5) (a) provides that the amount of such restitution required by the court shall not exceed $5,000 in the case of a felony and $1,000 in the case of a conviction for any offense other than a felony.
Paragraph (b) of subdivision (5) however goes on to state that the court may in its discretion impose restitution or reparation in excess of that amount "provided however that the amount in excess must be limited to the return of the victim’s property, including money, or the equivalent value thereof; and reimbursement for medical expenses actually incurred by the victim prior to sentencing as a result of the offense committed by the defendant” (emphasis supplied).
It would therefore appear that criminal courts have been given the authority in the case of a felony conviction to assess up to $5,000 and in the case of a misdemeanor or a violation up to $1,000 in restitution or reparation simply to make the victim whole for some type of "general damages” which we could perhaps most conveniently term punitive damage for the crime committed.
This concept not only sounds right legally, it sounds right morally as well.
In the case at bar for example, defendant has pleaded guilty to disorderly conduct arising out of an incident in which she was accused of throwing a bar stool at the complainant or victim, striking the latter in the hand. The victim here apparently did not seek medical attention and therefore has no proven dollar damages. To state that she has no damage at all and is entitled to no restitution would seem to make a mockery of the fact that she was subject to an apparent assault by the defendant for which the defendant pleaded guilty to disorderly conduct and for which the victim should be entitled to some compensation.
The fact of certain crimes such as an assault or violations such as disorderly conduct would in some cases, such as the case at bar, seem to require more in the way of restitution than simply a dollar-for-dollar payment of medical bills.
The more traditional approach has been to tell the victim that of course she may be entitled to punitive damages but not in this forum, she must go and sue civilly — a nicely sounding technicality until the victim does attempt to sue civilly and of course very likely finds the civil remedies to be totally inadequate.
Since the true strength of our law where a crime or viola *230 tion is committed lies in criminal penalties and since section 60.27 appears to permit the usage of such penalties to collect restitution or reparation for the victim for the act itself in addition to provable monetary loss for which receipts may be shown, I feel that it is time that those of us in the criminal courts utilize these powers fairly and appropriately.
I note in this regard the statement to the court by Assistant District Attorney Dodd that the City Courts in the City of Rochester have already adopted this approach and the Judges there do assess such general or punitive damages as restitution — but I have not seen any written decision as yet to this effect.*
In the case at bar the victim’s request for $100 in restitution for this conduct — despite the absence of any medical bills —appears to be eminently reasonable. I will grant the defendant a hearing if she wants one. The defendant may have until November 25, 1985 to request a hearing. If no request is made I will order restitution in the amount of $100 payable on or before January 13,1986.

 We also note the restitution sentence of the recent Onondaga County Court case of People v Bucci.