[No. 17412-6-I.   Division One.   March 9, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. MARTIN GOODRICH, *Appellant.*

*Mark W. Muenster* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Jean Kelley–McElroy, Deputy,* for respondent.

RINGOLD, J.—The defendant, Martin Goodrich, appeals the trial court's order of restitution entered after Goodrich pleaded guilty to second degree assault. He argues that the trial court was without statutory authority to order restitution for medical expenses not yet incurred by the victim or to order payment of lost wages not the direct result of the victim's injuries.

On April 27, 1985, Goodrich attacked his victim. She required five stitches to close a wound to her head and stop heavy bleeding. The defendant was originally charged with second degree attempted rape, but he pleaded guilty to second degree assault.

The trial court ordered Goodrich to pay $2,956.75 restitution to the victim.[1] This amount consisted of $451.75 for past medical treatment, $1,963 for future medical treatment, $150 for damaged clothing, and $392 for lost wages.

The victim did not lose any time from work directly relating to her injuries. She did, however, lose her job assignment when she informed her employer she would need to miss work to attend the trial. The State conceded at oral argument that the victim's lost wages as a result of her employer's action are not "lost wages resulting from injury" as RCW 9.94A.140 requires before restitution may be ordered. Thus, the restitution order must be reduced by the $392 awarded for lost wages.

Next, Goodrich argues that the trial court lacked statutory authority to order restitution for medical expenses that the victim had not yet incurred. It has become the accepted rule of law that the courts lack the

---

[1]The trial court also imposed a sentence exceeding the standard range, which was the subject of another appeal for which review was denied by this court. Court of Appeals cause 17294-8-I.

inherent power to order restitution. *State v. Mark,* 36 Wn. App. 428, 436, 675 P.2d 1250 (1984). Whatever power the courts have to order restitution emanates from the Legislature. If the statutory provisions are not followed, the action of the court is void. *Mark,* at 436; *see also State v. Eilts,* 94 Wn.2d 489, 495, 617 P.2d 993 (1980).

RCW 9.94A.140(2) provides in part that "Restitution may be ordered whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property." RCW 9.94A.140(1) provides in pertinent part:

> Restitution ordered by a court pursuant to a criminal conviction shall be based on easily ascertainable damages for injury to or loss of property, actual expenses incurred for treatment for injury to persons, and lost wages resulting from injury.

"The legislature has expressed a strong desire that victims receive restitution from offenders." Comment to RCW 9.94A.140 in D. Boerner, *Sentencing in Washington* I–10 (1985). In interpreting RCW 9.94A.140, we must attempt to ascertain and give effect to the intent and purpose of the Legislature, as expressed in the act. *See Eilts,* at 493.

> Next, if the legislature employs words of common meaning, that meaning must be applied to the statutory language unless it results in absurd or incongruous results. Finally, if a statute is clear and unambiguous on its face, judicial construction or interpretation is unnecessary.

(Citations omitted.) *Eilts,* at 493.

The statute empowers a court to order restitution for "*actual expenses incurred* for treatment for injury to persons . . ." (Italics ours.) RCW 9.94A.140(1). The State argues that a trial court should be allowed to order restitution based on testimony of projected future medical expenses. The statute does not provide for this. Instead, RCW 9.94A.140(1) offers an alternative:

> For the purposes of this section, the offender shall remain under the court's jurisdiction for a maximum

term of ten years subsequent to the imposition of sentence. The portion of the sentence concerning restitution may be modified as to amount, terms and conditions during the ten–year period, regardless of the expiration of the offender's term of community supervision and regardless of the statutory maximum for the crime.

This language states an intent by the Legislature to allow a court to increase a defendant's obligation to make restitution when a victim incurs further costs. While this imposes a burden on the victim and the court to hold an additional hearing, it also enables the court to order restitution for the "actual medical expenses incurred." The trial court erred if it awarded restitution for future medical expenses not yet incurred by the victim.

"Incurred" means to become liable or subject to. *Webster's Third New International Dictionary* 1145 (3d ed. 1971). Proof of payment is unnecessary before restitution is ordered, but the victim must have an obligation to pay for the medical treatment necessitated by her injury. If there is sufficient evidence to demonstrate that the victim is obligated to pay for the medical services which will be performed, and there is adequate proof of the amount of the obligation, an award of restitution for the medical services is proper.

We reverse and reduce the amount of restitution ordered by $392 for the lost wages and remand to the trial court to determine whether the victim has "incurred" the medical expenses for which restitution was awarded.

### ADDENDUM

While it has become the accepted rule of law that the courts lack inherent power to order restitution, the writer's view of this issue remains the same as expressed in *State v. Mark,* 36 Wn. App. 428, 436–39, 675 P.2d 1250 (1984). The holding in *State v. Ammons,* 105 Wn.2d 175, 713 P.2d 719, 718 P.2d 796 (1986) is not the final word on the subject. The Supreme Court disposed of the issue without analysis of the inherent and constitutional powers of the courts.

A disposition of such a fundamental issue without even a

comparison of the constitutional grants of power to the Legislature and to the judiciary seems inappropriate. The issue requires further exposition.

SCHOLFIELD, C.J., and SWANSON, J., concur.