FARMER, Judge.
We affirm appellant’s conviction for aggravated battery. The charges arose from a schoolyard fight in which the victim suffered a broken nose. There was ample testimony to the effect that appellant was the aggressor. The trial judge properly denied the motion for a judgment of acquittal.
In his sentence of community control, the trial judge added a condition that appellant make restitution to the victim in the amount of $4,986.60, representing medical expenses incurred by the victim’s parents in treating the victim’s injuries. The order required that appellant’s mother pay $2,500 of the total amount of restitution ordered.[1] Appellant argues on appeal that all the record evidence demonstrated that his mother had made diligent good faith efforts to prevent him from engaging in delinquent acts.
Section 39.054(1)©, Florida Statutes (1991), provides in part as follows:
“ * * * in the case of a committed child, as part of the community-based sanctions ordered by the court at the disposition hearing or before the child’s release from commitment, [the court shall have the power to] order the child or parent to make restitution in money or in kind for any damage or loss caused by the child’s offense in a reasonable amount or manner to be determined by the court. * * * The liability of a parent under this paragraph shall not exceed $2,500 for any one criminal episode. A finding by the court, after a hearing, that the parent has made diligent good faith efforts to prevent the child from engaging in delinquent acts shall absolve the parent of liability for restitution under this paragraph, [e.s.]”
As observed above the only evidence on whether the mother should be liable for part *1266 of the restitution came from the testimony of the child’s mother.
She testified in substance as follows. This was but one spot on an unblemished record. His behavior at school and home was exemplary — “the best behaved kid that ever was.” He always obeyed her and never argued. She “spent a lot of time with him and his friends, taking them places * * *.” His attendance at school is good, he is on the honor roll, and his teachers say that “he is a joy.” He was 13 at the time of sentencing. His parents were divorced. His father lives in Connecticut, and they only speak by phone. She has had a series of relationships with other men, causing a lack of familial stability in his life. The child cannot get a job because he is not yet 14.
The court’s restitution order reads in whole as follows:
“The court finds that the child’s conduct in this ease caused injury to the victim. Further, the monetary damages sustained as a result thereof total $4,986.60. Based upon the child’s age, physical condition, and the length of time he will be subject to this court’s jurisdiction, he has the ability to pay the victim’s damages. The child’s mother shall also be jointly and severally responsible for $2,500.00 of the restitution.”
On the subject of the mother’s liability, the court simply said at the end of the hearing that he was going to hold the mother responsible for $2,500.
Concededly, the evidence is one-sided. Hence, the issue might properly be viewed as whether the court could make the mother liable simply by not believing her testimony. Strangely that is not what the state argues. Instead, it contends that the mother could have anticipated the boy’s delinquent acts and that she “had the burden to establish a degree of effort above and beyond the normal parenting tasks to establish her diligence by the greater weight of the evidence.” Clearly that is not what section 39.054(l)(f) requires. All she need have shown is “diligent good faith efforts to prevent the child from engaging in delinquent acts.”
If all the evidence shows that the child is otherwise well-behaved, then surely it should be enough for the parent to show merely that she had accomplished the “normal parenting tasks” to escape liability for restitution under this statute. To do otherwise would be to impose strict liability on parents for all delinquent acts of their minor children. If the legislature had intended that result, it would have chosen a different text than the one it had adopted at the time.
Taking the precise record before us, and considering the state’s chosen argument in support of the order on appeal, we have no trouble in reversing that part of the order requiring the mother to be responsible for part of the restitution award. In all other respects, the order is affirmed.
CONVICTION AFFIRMED; CHILD’S RESTITUTION AFFIRMED; MOTHER’S LIABILITY SHARE OF RESTITUTION REVERSED.
DELL, C.J., and KLEIN, J., concur.

. We note that while appellant filed a notice of appeal, his mother did not join in the notice or seek to be added later. The only issue raised with regard to the restitution order deals with the mother being ordered to bear responsibility for $2,500 thereof. The state, however, has made no argument on appeal that the absence of the mother from the appeal papers creates a question as to the standing of the child to argue the precise issue. We therefore express no opinion on the issue of standing.