[No. 31876-4-I.   Division One.   April 25, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. SOANE
MALIA HEFA, *Appellant*.

*Suzanne Lee Elliott* of *Washington Appellate Defender Association*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Jennifer K. Ryan Gilman, Deputy*, for respondent.

PER CURIAM. — Soane Hefa appeals the amount of restitution ordered following his conviction in juvenile court for second degree burglary. We accelerate review and reverse that portion of the restitution order relating to lost wages.

## FACTS

In November 1992, Hefa pleaded guilty to second degree burglary. At the disposition hearing, the State requested restitution in the amount of $1,980. That amount included wages the victim claimed he lost as a result of the burglary.

In a "Victim Loss Claim" submitted to the court, the victim itemized his losses, including the following lost wages:

[Thursday] Loss of work due to attempt to recover stolen property, making list of stolen goods and serial numbers, and eventually identifying stolen property at police precinct $135.20 6-11-92

[Friday] 6-12-92 Loss of work due to purchasing of materials, repairing, and securing home and cleanup of damaged property $135.20

[Sunday] 6-14-92 Loss of opportunity to work overtime on Sunday. Due to contractual clause, I must work the Friday before a weekend in order to be eligible to work any day or night during that weekend. That Friday was spent repairing & securing my home. $202.80

The victim spoke at the hearing and explained these losses to the court.

Defense counsel argued that restitution for lost wages was not authorized by statute. The State responded that if the lost wages were incurred because the victim was securing his home, then restitution was authorized because the loss was reasonably related to the crime. Neither party mentioned the statutory definition of restitution cited in the parties' briefs on appeal.

The juvenile court denied restitution for the Thursday wages but granted the request for wages lost on Friday and Sunday. The court also ordered restitution for other items, including the victim's costs in securing and repairing his house.

## DECISION

The sole issue in this case is whether the juvenile court had authority to order restitution for Hefa's victim's lost wages.

The authority to order restitution is purely statutory, *State v. Smith*, 119 Wn.2d 385, 831 P.2d 1082 (1992), and this

court's review is limited to determining whether the restitution ordered by the trial court was authorized by statute. *State v. Landrum*, 66 Wn. App. 791, 832 P.2d 1359 (1992). The general authority to impose restitution is found in RCW 13.40.190, which requires the court to order juvenile offenders "to make restitution to any persons who have suffered loss or damage as a result of the offense committed . . .". The term "restitution" is defined in RCW 13.40.020(21):

> "Restitution" means financial reimbursement by the offender to the victim, and shall be limited to easily ascertainable damages for injury to or loss of property, actual expenses incurred for medical treatment for physical injury to persons, lost wages resulting from physical injury, and costs of the victim's counseling reasonably related to the offense if the offense is a sex offense. Restitution shall not include reimbursement for damages for mental anguish, pain and suffering, or other intangible losses. Nothing in this chapter shall limit or replace civil remedies or defenses available to the victim or offender . . ..

Hefa contends the latter statute limits restitution for lost wages to those lost as a result of *physical injury*. He concludes that the juvenile court lacked authority to order restitution for the victim's lost wages in this case because they were not caused by a physical injury. We agree.

The statute clearly states that restitution "*shall be limited to*", among other things, "lost wages resulting from physical injury . . .". (Italics ours.) The statute's list of allowable items of restitution thus purports to be exclusive.[1] In addition, the fact that the Legislature singled out only one type of lost wages as a proper object of restitution evidences an intent to exclude all other types of lost wages. *State v. Williams*, 94 Wn.2d 531, 617 P.2d 1012, 24 A.L.R.4th 1191 (1980) (when statute specifically designates the things upon which it operates, it can be inferred that the Legislature intended to exclude any omitted matters).

Although the statute does allow restitution for "damages for injury to or loss of property", that broad language is

---

[1]While the statute also lists items that cannot be the subject of restitution, and though that list does not include the lost wages at issue here, the list does not purport to be exclusive.

clearly qualified by the more specific language limiting the scope of restitution for lost wages. Furthermore, the proper measure of damages for injuries to property is not lost wages, but rather the reasonable and necessary cost of repairing the property. *See generally State v. Ratliff*, 46 Wn. App. 325, 730 P.2d 716 (1986), *review denied*, 108 Wn.2d 1002 (1987); *State v. Horner*, 53 Wn. App. 806, 770 P.2d 1056 (1989).

In sum, the statute unambiguously limits restitution for lost wages to those resulting from physical injury.[2]

Accordingly, we reverse the portion of the order of restitution relating to lost wages and remand for a reduction of the restitution amount consistent with this opinion.

---

[2]Our interpretation of the juvenile restitution statute gains support from this court's interpretation of the equivalent adult statute in *State v. Goodrich*, 47 Wn. App. 114, 733 P.2d 1000 (1987). There, the restitution order included wages a rape victim's employer refused to pay for work days she missed to attend the trial. The State conceded error, and this court reversed because the lost wages were not "lost wages resulting from physical injury" as required under the adult restitution statute. *Goodrich*, at 115.