PER CURIAM.
Juveniles M.G. and C.W. pleaded no contest to charges of aggravated battery stemming from events that occurred on February 20, 1993, in Gainesville. The trial judge placed the juveniles on community control and ordered the juveniles and their parents[1] to pay restitution -of $2500, as follows: $1405.20 for the victim’s pain and suffering damages; $225 for the services of a psychologist; $793 for the services of a dental surgeon; and $76.80 for the hospital’s services. The juveniles appeal only that part of the judge’s orders making them responsible for restitution of the victim’s pain and suffering damages. We affirm.
The facts are these. M.G. and C.W. pushed a nine-year-old child to the ground and kicked his face hard enough to break the victim’s jaw in two places. The victim’s jaw was wired shut, for four weeks and his surgeon testified that he will have permanent damage as a result of the battery, because his jaw was broken in two places, and he is so young that major growth in the teeth buds and jaw is still occurring. The surgeon opined that the victim will need remedial surgery in the future, in addition to the two surgeries already sustained. The victim’s mother testified that the victim is suffering significant emotional damages; she cannot afford to continue to pay for treatment (the victim is being treated by a psychologist; the family’s health insurance does not cover this expense).
Whether a trial judge can order restitution for pain and suffering damages under section 39.054(l)(f), Florida Statutes (1993), is a question of first impression. Section 39.054(1X0 in relevant part provides:
(1) The court which has jurisdiction of an adjudicated delinquent child shall have the power ... to:
[[Image here]]
(0 As part of the community control program to be implemented by the department, or, in the case of a committed child, as part of the community-based sanctions ordered by the court at the disposition hearing or before the child’s release from commitment, order the child or parent to make restitution in money or in kind for any damage or loss caused by the child’s offense in a reasonable amount or manner *27 to be determined by the court.... The liability of a parent under this paragraph shall not exceed $2,500 for any one criminal episode. A finding by the court, after a hearing, that the parent has made diligent good faith efforts to prevent the child from engaging in delinquent acts shall absolve the parent of liability for restitution under this paragraph.
(Emphasis added.)[2] The statute, by its plain language, provides for the award of restitution for any damage caused by a juvenile’s offense. The trial judge’s finding that the victim sustained emotional damage is supported by competent substantial evidence; the juveniles indeed make no assertion to the contrary. Nor do the juveniles argue that pain and suffering is not “damage,” within the meaning of Florida law.
The juveniles instead cite a number of cases for the proposition that, because juveniles are granted more protection than adult criminals, a judge has only such power as is granted by statute, and no more. See, e.g., A.W. v. State, 634 So.2d 1135 (Fla. 1st DCA 1994) (holding that there is no authority under section 39.054-, Florida Statutes, or elsewhere to order the parent of a delinquent child to perform community service); L.A.D. v. State, 616 So.2d 106, 108 (Fla. 1st DCA 1993) (holding that because damages suffered by the victim from an automobile accident are not caused by the juvenile’s offense, leaving the scene of an accident, it is error to require the parent to pay restitution under section 775.089(l)(a), Florida Statutes (1991), which requires proof of “a causal or significant relationship between the offense ... and the amount of damages”), review denied, 624 So.2d 268 (Fla.1993); A.S. v. State, 627 So.2d 1265, 1266 (Fla. 4th DCA 1993) (holding that the mother of delinquent child is not liable for $2500 in restitution where she “had accomplished the ‘normal parenting tasks’ to escape liability for restitution under [section 39.054(l)(f), Florida Statutes (1991) ]”); cf. Harrison v. State, 557 So.2d 151 (Fla. 4th DCA 1990) (holding that the trial court erred in ordering an adult defendant to pay restitution in an amount that included punitive damages and damages not supported by the evidence).
It is true that the trial judge has only such power as is granted by statute. The instant statute however expressly provides for the award of any damage caused by the offenses of juveniles — there is no exclusion of pain and suffering damages. The trial judge therefore acted within the authority expressly granted by section 39.054(1)®.
We thus affirm the trial judge and certify the question as one of great public importance:
DOES THE GRANT OF AUTHORITY UNDER SECTION 39.054(1)®, FLORIDA STATUTES (1993), TO ORDER RESTITUTION FOR “ANY” DAMAGE, INCLUDE DAMAGE FOR PAIN AND SUFFERING?
It is so ordered.
JOANOS, LAWRENCE and DAVIS, JJ., concur.

. The father is ordered to pay restitution for only his child, C.W. The mother is ordered to pay restitution for both her children, C.W. and M.G.

. The 1994 Legislature amended section 39.054(l)(f) to remove the $2500 cap on restitution; to impose liability for restitution upon a child’s legal guardians (as well as parents); to require parents and legal guardians to co-sign with the child a promissory note to evidence their indebtedness for restitution; and to impose the necessity to prove good faith, in addition to diligence, in order for parents and guardians to absolve themselves from liability for restitution. Ch. 94-209, § 43, Laws of Fla.