655 So.2d 87 (1995)
C.W. and M.G., Petitioners,
v.
STATE of Florida, Respondent.
No. 84831.
Supreme Court of Florida.
May 11, 1995.
*88 Nancy A. Daniels, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for petitioners.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Bureau Chief and Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for respondent.
GRIMES, Chief Justice.
We review C.W. v. State, 645 So.2d 26, 27 (Fla. 1st DCA 1994), in which the district court of appeal certified the following question to be of great public importance:
DOES THE GRANT OF AUTHORITY UNDER SECTION 39.054(1)(f), FLORIDA STATUTES (1993), TO ORDER RESTITUTION FOR "ANY" DAMAGE, INCLUDE DAMAGE FOR PAIN AND SUFFERING?
We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
C.W. and M.G., juveniles, pushed a nine-year-old child to the ground and kicked his face hard enough to break his jaw in two places. C.W. and M.G. pled no contest to charges of aggravated battery. The trial court placed C.W. and M.G. on community control and ordered them and their parents to pay restitution in the amount of $2,500: $225 for the services of a psychologist; $793 for the services of a dental surgeon; $76.80 for the services of a hospital; and $1405.20 for the victim's pain and suffering. On appeal C.W. and M.G. argued that the trial court erred in ordering them to pay for the victim's pain and suffering. The district court of appeal affirmed, concluding that a trial court may order restitution for pain and suffering under section 39.054(1)(f), Florida Statutes (1993).
It is well settled that when the language of a statute is clear and unambiguous, the plain and ordinary meaning of the statute must be given effect unless to do so would lead to an unreasonable or ridiculous conclusion. See, e.g., City of Miami Beach v. Galbut, 626 So.2d 192, 193 (Fla. 1993); In re McCollam, 612 So.2d 572, 573 (Fla. 1993); Holly v. Auld, 450 So.2d 217, 219 (Fla. 1984). Section 39.054 states, in pertinent part:
(1) The court which has jurisdiction of an adjudicated delinquent child shall have the power, by an order stating the facts upon which a determination of a sanction and rehabilitative program was made at the disposition hearing, to:
....
(f) As part of the community control program to be implemented by the department, or, in the case of a committed child, as part of the community-based sanctions ordered by the court at the disposition hearing or before the child's release from commitment, order the child or parent to make restitution in money or in kind for any damage or loss caused by the child's offense in a reasonable amount or manner to be determined by the court. The clerk of the circuit court shall be the receiving and dispensing agent. In such case, the court shall order the child or parent to pay to the office of the clerk of the circuit court an amount not to exceed the actual cost incurred by the clerk as a result of receiving and dispensing restitution payments. The liability of a parent under this paragraph shall not exceed $2,500 for any one criminal episode. A finding by the court, after a hearing, that the parent has made diligent good faith efforts to prevent the child from engaging in delinquent acts shall absolve the parent of liability for restitution under this paragraph.
*89 (Emphasis added.) By its plain language, section 39.054(1)(f) permits the award of restitution for "any damage" caused by a juvenile's offense. Pain and suffering has long been recognized as a compensable damage in Florida. See, e.g., S.H. Kress & Co. v. Powell, 132 Fla. 471, 486, 180 So. 757, 763 (1938). Hence, we conclude that section 39.054(1)(f) permits the award of restitution for pain and suffering. We cannot say that this conclusion leads to an unreasonable or ridiculous result.[1]
Accordingly, we answer the certified question in the affirmative.[2]
It is so ordered.
OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] While a number of our sister states have refused to permit restitution awards of damages for pain and suffering, they were construing statutes which explicitly prohibited such awards. See, e.g., Burke v. State, 410 S.E.2d 164, 165 (Ga.Ct. App. 1991); State v. Russell, 126 Idaho 38, 878 P.2d 212, 213 (1994); People v. Fontana, 251 Ill. App.3d 694, 190 Ill.Dec. 863, 871, 622 N.E.2d 893, 901 (1993); State v. Hefa, 73 Wash. App. 865, 871 P.2d 1093, 1094 (1994). We note, however, that the court in at least one other jurisdiction construed a statute authorizing restitution for "economic loss or damage of the victim" to include damages for pain and suffering. People v. Corey, 130 Misc.2d 228, 495 N.Y.S.2d 620, 621-22 (N.Y. City Ct. 1985).
[2] In addition to addressing the certified question, counsel for C.W. and M.G. sought to advance claims on behalf of the delinquent juveniles' parents. We do not address these claims because the parents were not appellants in the proceeding below, nor are they petitioners in this proceeding. However, nothing in this opinion will prejudice the rights of the parents to challenge the judgment entered against them.