IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36718-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JESSIE M. ALLERT, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Jessie Allert appeals after a jury found him guilty of multiple crimes, including hit and run, property damage. We accept the State's concessions that the hit and run conviction must be vacated and the restitution order must be modified to exclude a witness's travel expense. We otherwise affirm.

FACTS

Jessie Allert, while driving erratically and on sidewalks, struck and knocked over a mailbox. Another driver witnessed Allert's erratic driving and called 911. While on the telephone, the caller saw Allert knock over the mailbox, get out of his car, and take the mailbox over to some nearby storage unit sheds. Allert did not knock on any doors or make any calls while there. He just drove away.

Eventually, Undersheriff Scott Coppess received the report of Allert and his erratic

driving. Undersheriff Coppess located Allert, who stopped before the undersheriff had

activated his emergency lights. Allert admitted to erratic driving and hitting the mailbox,

but claimed he was tired and was planning on finding the owner of the mailbox to pay for

it. During the stop, the undersheriff learned that Allert was driving with a suspended

license, and placed him under arrest. A warrant search of Allert's car found a loaded

rifle, a vial containing methamphetamine, and multiple plastic bags.

The State charged Allert with (1) possession of methamphetamine with intent to

deliver, with a special allegation that, at the time of the commission of the crime, he was

armed with a firearm, (2) driving under the influence, (3) driving with license suspended,

(4) hit and run, property damage,[1] and (5) unlawful possession of a loaded firearm in a

motor vehicle.

During trial, Allert became noticeably ill and was coughing during jury selection.

When the State rested, Allert was still sick and defense counsel was not sure whether

Allert would testify. The trial court ended proceedings early in order to give Allert more

---

[1] The State cited RCW 46.52.010 in its charging document. Under this statute, there are two alternates for charging hit and run, property damage. The State's charging language mirrors RCW 46.52.010(2), "damage to property fixed or placed upon or adjacent to any public highway." Clerk's Papers (CP) at 10.

2

time to recover. The next day, Allert decided not to testify and requested a jury instruction regarding his right not to testify. The court then recessed.

When court reconvened, defense counsel placed on the record a prior ex parte discussion she had with the trial court judge.

> [P]rior to trial I let the—I let Your Honor know that my client was very sick and I had talked with him, or I attempted to talk with him in the days prior and he simply couldn't . . . it was my impression that Jessie wanted— wanted to move forward with trial. . . . I had brought these concerns to Your Honor and counsel prior to jury selection and Your Honor did ask me, well, what do you want to do? And I was kind of waffling because I—I just wasn't sure. I had some misgivings. However, and then State's counsel mentioned that they had—they had to fly somebody here from Hawaii, that there was some additional costs that were incurred and I think it was generally decided we would soldier on and Your Honor made a remark yesterday about hopefully Mr. Allert would have enough time to heal if we left—left early. I want to just make the—a clear record that it was indeed my client's decision to move forward with trial in light of his sickness . . . .

Report of Proceedings (RP) at 252-53.

The prosecutor then explained it was proper to place the pretrial ex parte chambers discussion on the record to avoid possible public trial issues being raised on appeal. In his opinion, the pretrial discussion was a ministerial issue concerning scheduling, not anything that touched upon the facts or the disposition of the case itself. The trial court agreed "there was no discussion of substantive matters." RP at 255. Defense counsel

3

agreed there was no public trial issue, adding "our Judge is very competent and able to—

to protect that."  RP at 256.

Once the evidence was presented, the trial court instructed the jury.  One

instruction purported to define hit and run, property damage.  The instruction actually

defined hit and run, personal injury or death.  *See* RCW 46.52.020.  The instruction

provided:

> (1)     That on or about the 13th day of November, 2017, the Defendant
>         was the driver of a vehicle;
> (2)     That the Defendant's vehicle collided with property fixed or adjacent
>         to any public highway;
> (3)     That the Defendant knew that he had been involved in an accident;
> (4)     That the Defendant failed to satisfy his obligation to fulfill all of the
>         following duties:
>   (a)   Immediately stop the vehicle at the scene of the accident or as
>         close thereto as possible.
>   (b)   Immediately return to and remain at the scene of the accident
>         until all duties are fulfilled,
>   (c)   To take reasonable steps to either locate the operator or owner
>         of the property struck and give that person his name and
>         address and the name and address of the owner of the vehicle
>         he was operating or leave in a conspicuous place upon the
>         property struck a written notice giving his name and address
>         and the name and address of the owner of the vehicle he was
>         operating;
> (5)     That any of these acts occurred in Asotin County, the State of
>         Washington.

Clerk's Papers (CP) at 29.

4

The jury returned a verdict of guilty on all charges. The trial court sentenced

Allert and imposed $1,271.09 of restitution damages, which included reimbursement for a

witness's $750 plane ticket.

Allert timely appealed to this court.

ANALYSIS

Allert argues the trial court (1) violated his right to a public trial, (2) committed a

manifest constitutional error by erroneously instructing the jury on the elements of hit and

run, property damage, and (3) exceeded its statutory authority by imposing restitution to

compensate the State for a witness's travel expense.

1.    PUBLIC TRIAL

Allert contends the ex parte discussion between defense counsel and the court

constituted a courtroom closure that violated his right to a public trial. He argues the

discussion was akin to a competency hearing, and was therefore required to be held in

public. We disagree.

Both the United States Constitution and the Washington Constitution guarantee a

defendant the right to have an open and public trial by an impartial jury. *Presley v.*

*Georgia*, 558 U.S. 209, 212-13, 130 S. Ct. 721, 175 L. Ed. 2d 675 (2010*); State v. Bone-*

*Club*, 128 Wn.2d 254, 260-61, 906 P.2d 325 (1995); *Seattle Times Co. v. Ishikawa*, 97

Wn.2d 30, 36, 640 P.2d 716 (1982).  Whether a trial court violated a defendant's right to

a public trial is a question of law this court reviews de novo.  *State v. Paumier*, 176

Wn.2d 29, 34, 288 P.3d 1126 (2012).

Before this court looks to whether a courtroom was actually closed, we first must

determine if the proceeding implicated the right to a public trial at all.  *State v. Smith*, 181

Wn.2d 508, 514, 334 P.3d 1049 (2014).  To determine whether the right to a public trial

attaches to a particular proceeding, we apply the "experience and logic" test.  *State v.*

*Whitlock*, 188 Wn.2d 511, 521, 396 P.3d 310 (2017).  Both prongs must be satisfied in

order for the right to a public trial to attach.  *Id.*

When analyzing the experience prong, this court looks to "'whether the place and

process have historically been open to the press and general public.'"  *State v. Sublett*,

176 Wn.2d 58, 73, 292 P.3d 715 (2012) (quoting *Press-Enter. Co. v. Superior Court*, 478

U.S. 1, 8, 106 S. Ct. 2735, 92 L. Ed. 2d 1 (1986)).  In analyzing the logic prong, we look

to "'whether public access plays a significant positive role in the functioning of the

particular process in question.'"  *Id.* (quoting *Press-Enter.*, 478 U.S. at 8).

Allert's argument reflects a misunderstanding of when the ex parte discussion

occurred and what was discussed.  Because the discussion was placed on the record about

the time Allert waived his right to testify, he argues the ex parte discussion occurred just

prior to when he waived his right to testify and included this topic. The record does not support this. Rather, the ex parte discussion occurred just before trial and was about whether the trial would proceed. Defense counsel, upon learning the State had a witness flying in from Hawaii, assured the court that Allert's illness would not require a continuance. She explained, "it was indeed my client's decision to move forward with trial in light of his sickness and I—I just—I want to make sure that that didn't impair his a—his—or factor into his ability as to testify or not testify." RP at 253.

Allert does not analyze the public trial issue with respect to what actually occurred below. We need not either. We nevertheless note that Allert provides no authority that the experience and logic prongs are met when a party confirms to the trial court that the trial will proceed.

    2.     IMPROPER JURY INSTRUCTION

Allert contends the trial court erred by giving an improper jury instruction for hit and run, property damage. He argues, by giving the improper instruction, the trial court reduced the State's burden of proof. The State concedes this issue.

In a criminal case tried to a jury, due process requires the trial court to accurately instruct the jury on every element required to convict the defendant of the crime alleged. *State v. Tyler*, 191 Wn.2d 205, 216, 422 P.3d 436 (2018). Errors affecting the right to

have the State prove every element of the charged offense beyond a reasonable doubt may

be raised for the first time on appeal. *State v. Johnson*, 100 Wn.2d 607, 614, 674 P.2d

145 (1983), *overruled on other grounds by State v. Bergeron*, 105 Wn.2d 1, 711 P.2d

1000 (1985). We accept the State's concession.[2]

     3.     IMPOSITION OF RESTITUTION

Allert contends the trial court erred by imposing a restitution award that included a

witness's travel expense from Hawaii. The State rightly concedes this issue.

"The authority to impose restitution is not an inherent power of the court, but is

derived from statutes." *State v. Davison*, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991).

"When the particular type of restitution in question is authorized by statute, imposition of

restitution is generally within the discretion of the trial court and will not be disturbed on

appeal absent an abuse of discretion." *Id.*

The applicable statute provides in relevant part:

> [R]estitution ordered by a court pursuant to a criminal conviction shall be
> based on easily ascertainable damages for injury to or loss of property,
> actual expenses incurred for treatment for injury to persons, and lost wages
> resulting from injury.

---

[2] We have considered whether the unpreserved error may be raised on appeal, and believe it can. We construe the erroneous instruction differently than our concurring colleague.

No. 36718-5-III
*State v. Allert*

RCW 9.94A.753(3). We have previously held that witness expenses incurred for trial purposes are not recoverable under RCW 9.94A.753. *State v. Goodrich*, 47 Wn. App. 114, 115, 733 P.2d 1000 (1987).

Here, the trial court imposed restitution and stated that $750 of the restitution amount was to recover a witness's expense of buying a plane ticket to testify. This type of expense is not allowed by statute and the trial court exceeded its authority by imposing it. We direct the trial court to enter a modified restitution order that omits this travel expense.

Reversed in part and remanded to modify restitution order.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, J.

WE CONCUR:

Korsmo, A.C.J.

Melnick, J.[3]

_____

[3] The Honorable Rich Melnick is a Court of Appeals, Division Two, judge sitting in Division Three under CAR 21(a).

9

No. 36718-5-III

KORSMO, J. (concurring) — I have signed the majority opinion, but write separately to make one additional point. Mr. Allert did not object to the elements instruction at trial. Accordingly, he waived his challenge to it and could not present it to this court. However, the State's concession saves Allert in this instance.

The failure to raise an issue in the trial court normally precludes a party from raising the issue on appeal. RAP 2.5(a); *State v. Scott*, 110 Wn.2d 682, 685, 757 P.2d 492 (1988). The failure to challenge a jury instruction is a classic instance of waiver. *Id.* at 689-691. One exception to that rule is that a claim of manifest constitutional error can be asserted for the first time on appeal, if the record is adequate to address the issue. *State v. McFarland*, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995). That exception is not argued in this case.

With this observation, I join the majority opinion.

_____
Korsmo, J.