[No. 44034-9-I.   Division One.   November 6, 2000.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT LEE REED, *Appellant*.

*Dana M. Nelson* (of *Nielsen, Broman & Associates, P.L.L.C.*), for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Roger David-heiser, Deputy*, for respondent.

GROSSE, J. — If a court fails to order restitution within the initial 180 days after judgment and sentence as required under RCW 9.94A.142(1), the Department of Labor and Industries (Department) may petition the court for entry of an order of restitution within one year of judgment and sentence under the exception contained in RCW 9.94A.142(4). That exception mandates a restitution order after hearing in all cases where it has been determined that the victim of a crime is entitled to benefits under the Crime

Victims' Compensation Act. Here, the Department, through the office of the King County Prosecutor, timely requested a restitution order. The trial court properly ordered restitution to be paid to the Department as administrator for the crime victims' compensation fund.

## FACTS

Although originally charged with second degree murder with a deadly weapon, Robert Lee Reed agreed to the entry of an *Alford*[1] plea to the lesser crime of first degree manslaughter.[2] At sentencing, the court set the date for a restitution hearing, and Reed refused to waive his right to be present at a hearing to determine restitution.

On October 21, 1998, a hearing was held and the court approved an order for $2,058 to cover the funeral expenses of the victim. Further, the order provides that additional restitution may be ordered if it is timely established. The court indicated that it understood there might be a further request for additional reimbursement to the crime victims' compensation program. The court agreed that additional reimbursement could be granted "upon presentation of a timely presentation of the proper documentation." The court then went on to state:

> Mr. Reed, I have made this one change in the order. I have approved the restitution order for the amount of cremation and funeral expenses for the victim in this case which the law allows. I've also added general language that if the state, within the time limit set by the law, presents verification of an additional request for restitution allowed by the law for the victim, I will consider that request, but you would get notice of that and your attorney would get notice of such a request. And there's a time limit on that provided by state law.

After an open discussion with the prosecutor, the court indicated to Reed that although it was unlikely that there

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] Reed has been attempting to withdraw the plea, but that case is not before this panel.

would be an additional request, the court was allowing any extra time remaining on the restitution period for the State to make that determination and seek additional restitution. The court noted that Reed did not waive his presence if there was a subsequent restitution hearing. For this and other reasons, the court agreed that Reed would be kept in the King County jail until the time for any additional motion expired. Unfortunately, the Department of Corrections transported Reed to another facility contrary to the court's order. Further, when the court convened the subsequent hearing, Reed's counsel indicated to the court that the hearing was already outside the statutory 180 days for setting restitution. The trial court indicated that counsel preserved the argument as to the counting of the 180 days but then never addressed the issue.

At the hearing, over Reed's objection, believing the hearing was timely, the court approved an order of restitution in the amount of $7,500 to reimburse the crime victims' compensation fund for its additional payment to the victim's eligible surviving spouse under RCW 7.68.070(4)(a). Reed appeals this second restitution order claiming that the order was entered beyond the time limit of RCW 9.94A.142(1). He also filed a pro se brief raising various issues.

## DISCUSSION

■ Under RCW 9.94A.142(1), the trial court has 180 days from the date of judgment and sentence to impose restitution. As conceded by the State, it failed to do so. Former RCW 9.94A.142(1) (1994) was construed in *State v. Krall* and cases following as establishing a mandatory time limit for setting restitution.[3] The present version of the statute, which expanded the time for setting restitution from 60 days to 180 days, requires that trial courts deter-

---

[3] *State v. Krall*, 125 Wn.2d 146, 881 P.2d 1040 (1994); *see also State v. Moen*, 129 Wn.2d 535, 538-39, 919 P.2d 69 (1996).

mine the amount of restitution at the sentencing hearing or within the 180 days, unless good cause for a continuance is shown,[4] or under the exception provided in subsection (4) of the statute. As noted above, the State concedes that the second restitution order was not entered within 180 days of the judgment and sentence.[5]

Consequently, unless the exception of subsection (4) of RCW 9.94A.142 extends the deadline,[6] Reed had a right to have the full amount of restitution determined by November 17, 1998. It is under the exception contained in subsection (4), however, that Reed's argument fails.

RCW 9.94A.142(4) provides:

> Regardless of the provisions of subsections (1), (2), and (3) of this section, the court shall order restitution in all cases where the victim is entitled to benefits under the crime victims' compensation act, chapter 7.68 RCW. If the court does not order restitution and the victim of the crime has been determined to be entitled to benefits under the crime victims' compensation act, the department of labor and industries, as administrator of the crime victims' compensation program, may petition the court within one year of entry of the judgment and sentence for entry of a restitution order. Upon receipt of a petition from the department of labor and industries, the court shall hold a restitution hearing and shall enter a restitution order.

Contrary to Reed's claim, a victim's spouse is a proper party to receive compensation under the program.[7] Under

---

[4] Here, "good cause" is not shown. Good cause requires a showing of some external impediment that did not result from a self-created hardship that would prevent a party from complying with statutory requirements. Inadvertence or attorney oversight is not good cause. *State v. Tomal*, 133 Wn.2d 985, 989, 948 P.2d 833 (1997).

[5] Contrary to Reed's argument, however, the first order of restitution was properly entered on October 21, 1998 and stands.

[6] Or, if the second order is determined to be a modification of the first order under RCW 9.94A.142(1).

[7] RCW 7.68.070(4). The order and notice of the Department granting benefits to the crime victims' compensation fund indicated that the Department had determined that the victim's spouse was the surviving spouse of the decedent victim who died through Reed's actions.

RCW 9.94A.142(4), the Department may petition the court for a restitution order for reimbursement of fund benefits paid under the crime victims' compensation act within one year of judgment and sentence, if the date for the petition falls outside of the initial 180 days mandated by the statute. Although the Department is the real party in interest, the prosecutor represents the State in criminal proceedings. As has been the practice and custom, the prosecutor receives documentation of the amounts paid out of the fund from the Department and then presents that evidence to the court for entry of an order of restitution on behalf of the Department.[8] Therefore, the order here, as documented by the Department, was timely entered under the exception of subsection (4) of the statute.[9]

We determine that the issues Reed raises in his pro se brief are both untimely and lacking in merit. Reed was in attendance for both restitution hearings and has provided no proof that the person paid as the spouse of the victim was not in fact his spouse. He has not shown that the order is moot, a denial of due process, or a miscarriage of justice.

The decision of the trial court is affirmed.

BECKER, A.C.J., and BAKER, J., concur.

---

[8] We are not unmindful of the dicta of this court's decision in *State v. Johnson*, 96 Wn. App. 813, 817-18, 981 P.2d 25 (1999), which declined to enter an advisory opinion regarding the prosecutor's assertion that the Department would have requested restitution if the prosecutor did not. Here, however, the Department requested an order of restitution through the office of the King County Prosecutor. There was no challenge to the authority of the prosecutor to request such an order.

[9] The supplement to the record does not change the result. It does underscore that, but for the application of subsection (4) of RCW 9.94A.142 which allows one year for these claims, the State would be foreclosed in its argument.