

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 31659-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOMMY AUSTIN ASHLEY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Tommy Ashley appeals his most recent conviction for failing to register as a sex offender, arguing that his return to his residence of record cannot violate the statute. Since the statute required that he reregister upon being released from jail, we affirm.

## FACTS

In 2007, Mr. Ashley was convicted in Yakima County Superior Court of third degree assault with sexual motivation. That conviction triggered his obligation to register as a sex offender under RCW 9A.44.130. In 2009, he was twice convicted of failing to register and sent to prison. After release from prison in 2011, he again was under the supervision of the Department of Corrections for the 2007 conviction.

Mr. Ashley registered his residence as 2802 Beaudry Road #56A in Yakima on November 16, 2012. Twelve days later, Community Corrections Officer (CCO) Mungia unsuccessfully attempted to contact Mr. Ashley at that address. The two men spoke the following day on the telephone and Mungia advised Ashley that he had to report in person and register. As a result of failing later to appear before CCO Mungia, an arrest warrant issued in the third degree assault case. Mr. Ashley was incarcerated on that warrant in the Kittitas County Jail from December 4 to December 19, 2012.

Mr. Ashley did not reregister in Yakima County after his release from the Kittitas County Jail. Another warrant issued for his arrest and he eventually was stopped while driving in the trailer park at the Beaudry Road address. He was charged in Yakima County with failure to register as a sex offender. The charging document alleged the offense was committed between December 19 and 30, 2012.

The matter eventually proceeded to bench trial. The State argued that Mr. Ashley had a duty to again register after his release from the Kittitas County Jail since he had been incarcerated on the underlying sex offense. Mr. Ashley contended that he had no duty to reregister since he remained at the same location. The trial court concluded that Mr. Ashley did have a duty to reregister and convicted him of failure to register.

The court imposed a standard term of 57 months' incarceration. Mr. Ashley then timely appealed to this court.

2

No. 31659-9-III
*State v. Ashley*

ANALYSIS

Mr. Ashley argues that he had no duty to reregister upon his release from jail and the evidence is thus insufficient to support his conviction. We agree with the trial court that the Washington Supreme Court has already rejected his construction of the statute.

Upon conviction of various sexual and kidnapping offenses, a person must register with the local sheriff after release from custody or moving to a new location. RCW 9A.44.130(1)(a). With respect to the release from custody reporting requirement, the statute provides in pertinent part:

> (3)(a) Offenders shall register with the county sheriff within the following deadlines:
>
> (i) OFFENDERS IN CUSTODY. (A) Sex offenders who . . . on or after July 28, 1991, <u>are in custody, as a result of that offense</u>, of the state department of corrections . . . or a local jail or juvenile detention facility . . . <u>must register at the time of release from custody</u> with an official designated by the agency that has jurisdiction over the offender. The agency shall within three days forward the registration information to the county sheriff for the county of the offender's anticipated residence. The offender must also register within three business days from the time of release with the county sheriff for the county of the person's residence, or if the person is not a resident of Washington, the county of the person's school, or place of employment or vocation. The agency that has jurisdiction over the offender shall provide notice to the offender of the duty to register.

(Emphasis added.)

This court's objective in interpreting a statute is "to ascertain and carry out the legislature's intent." *State v. Gray*, 174 Wn.2d 920, 926, 280 P.3d 1110 (2012). That interpretation process "begins with a statute's plain meaning." *Id.* If the statute is

3

unambiguous, "the court's inquiry is at an end." *Id* at 927. A statute is ambiguous only when it is subject to more than one reasonable interpretation. *Id.*

Mr. Ashley contends that the statute is ambiguous over whether he had a duty to register again upon his release from the Kittitas County Jail. We disagree in light of our Supreme Court's interpretation of this statute in *State v. Watson*, 160 Wn.2d 1, 154 P.3d 909 (2007).[1]

The operative facts in *Watson* are the same as in this case. There the defendant had registered as a sex offender upon release from prison. *Id.* at 4. Four months later, he was found to have committed three violations of his community custody and sentenced to serve an additional 60 days in jail. *Id.* He was released from jail at that time and returned to the residence address he had supplied the sheriff upon release from prison. *Id.* at 4-5. He did not reregister and subsequently was charged with failure to register as a sex offender. *Id.* at 5. After his argument that he had no duty to again register was rejected, Mr. Watson was convicted and appealed. The Court of Appeals affirmed the conviction and the Washington Supreme Court granted review. *Id.*

The court rejected the argument that the statute was unconstitutionally vague because it was allegedly unclear about a duty to reregister. *Id.* at 4, 12. The defendant

---

[1] *Watson* involved a prior version of the statute, then codified at RCW 9A.44.130(4)(a)(i) (2002). That section was recodified by LAWS OF 2011, ch. 337, § 3. The language governing the duty to register was unchanged.

4

specifically argued that the statute was "ambiguous about whether reregistration is required when a sex offender was in custody due to violating conditions of his or her community custody for the sex offense." *Id.* at 8. Noting legislative intent and prior rulings on similar issues, the court rejected the contention. *Id.* at 8-11.

Mr. Ashley attempts to distinguish *Watson* on the basis that it involved a vagueness argument while he is raising an ambiguity argument. However, as noted above, *Watson* involved a claim that the supposed vagueness of the statute arose from an ambiguity. *Id.* at 8. Mr. Ashley's case cannot be meaningfully distinguished from *Watson* on that basis.

Mr. Ashley also argues that since he was living at the address on Beaudry Road[2] after his release from jail, he was still validly registered during the charging period. Those facts, however, are the same as in *Watson* where the defendant returned to the same address he had initially reported to the county sheriff. *Id.* at 4-5. Although it may seem unnecessary to reregister using the same address already on file, the purpose of the registration statute is fulfilled when the authorities know where the offender currently is located. Many people lose their residence when incarcerated. The legislature could reasonably require the offender to confirm his address after release from custody rather than require that law enforcement check to confirm whether the last address on file was still accurate.

---

[2] There was an indication in the record that Mr. Ashley did not actually live at the Beaudry Road address. CP at 2. The trial, however, did not address that issue.

5

No. 31659-9-III
*State v. Ashley*

On its face, the statute is not ambiguous. It requires an offender to register when released from custody "as a result of" the sex offense. Here, Mr. Ashley was incarcerated for violating the conditions of his community custody for the sex offense that also gave rise to his duty to register. He falls within the clear language of the statute. The statute does not limit its reach to the initial registration obligation or the initial release from custody, but applies in each instance where the defendant is incarcerated and released for the sex offense.

As recognized by the trial court, *Watson* is indistinguishable. This court is bound by the Washington Supreme Court's interpretation. *State v. Gore*, 101 Wn.2d 481, 486-87, 681 P.2d 227 (1984). Accordingly, the conviction for failure to register is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Brown, A.C.J.

Lawrence-Berrey, J.

6