**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |
|---|---|
| STATE OF WASHINGTON,<br><br>               Respondent,<br><br>       v.<br><br>MONTREAL LEANTHONY MORGAN,<br>SR.,<br><br>               Appellant. | No. 84536-5-I<br><br>DIVISION ONE<br><br>PUBLISHED OPINION |

MANN, J. — The sentencing court generally has broad discretion when imposing restitution. But when restitution is based on benefits paid under the "Crime Victims' Compensation Act" (CVCA), chapter 7.68 RCW, to compensate victims for losses resulting from an offense, the applicable statutes do not allow the court to waive restitution or to impose less restitution than the amount of benefits paid. Montreal Morgan appeals a restitution order and argues that the sentencing court should have exercised discretion to reduce the amount owed under the crime victims' compensation (CVC) program. We disagree and affirm.

I

Morgan pleaded guilty to conspiracy to commit murder in the second degree and unlawful possession of a firearm in the second degree, based on his participation in a

2020 home invasion robbery that resulted in the shooting death of one of the occupants of the home. In conjunction with his plea, Morgan agreed to join the State's recommendation for a sentence of 163 months and to pay restitution in an amount to be determined at a future hearing. The sentencing court imposed a sentence in accordance with the plea agreement.

The State requested restitution based on the Department of Labor and Industries (Department) payment of $10,480 as CVC benefits to reimburse the victim's family for out-of-pocket medical expenses and funeral costs under the CVCA.[1] Citing his youthfulness at the time of the crime, mental health issues, and limited future earning potential, Morgan urged the trial to exercise discretion and order less than the full amount of restitution requested by the Department. The sentencing court responded that it believed RCW 9.94A.753(7) limited its discretion to impose less restitution under the CVC program. The court ordered Morgan and his codefendants to pay, jointly and severally, restitution of $10,480 for benefits paid under the CVC program. Morgan appeals.

II

Morgan challenges the restitution order and argues that the sentencing court erred by failing to recognize its discretion to determine the appropriate amount of restitution. We disagree.

A sentencing court's restitution order will not be disturbed on appeal absent an abuse of discretion. State v. Enstone, 137 Wn.2d 675, 679, 974 P.2d 828 (1999).

---

[1] The Department administers the CVC program. See RCW 7.68.015.

No. 84536-5-I/3

Application of an incorrect legal analysis or other error of law can constitute abuse of discretion.  State v. Kinneman, 155 Wn.2d 272, 289, 119 P.3d 350 (2005).

The sentencing court's authority to order restitution derives from statutory provisions.  State v. Gray, 174 Wn.2d 920, 924, 280 P.3d 1110 (2012).  The restitution statute provides:

> (5) Restitution shall be ordered whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property or as provided in subsection (6) of this section unless extraordinary circumstances exist which make restitution inappropriate in the court's judgment and the court sets forth such circumstances in the record.  In addition, restitution shall be ordered to pay for an injury, loss, or damage if the offender pleads guilty to a lesser offense or fewer offenses and agrees with the prosecutor's recommendation that the offender be required to pay restitution to a victim of an offense or offenses which are not prosecuted pursuant to a plea agreement.
>
> . . . .
>
> (7) Regardless of the provisions of subsections (1) through (6) of this section, the court shall order restitution in all cases where the victim is entitled to benefits under the crime victims' compensation act, chapter 7.68 RCW.  If the court does not order restitution and the victim of the crime has been determined to be entitled to benefits under the crime victims' compensation act, the [Department], as administrator of the crime victims' compensation program, may petition the court within one year of entry of the judgment and sentence for entry of a restitution order.  Upon receipt of a petition from the [Department], the court shall hold a restitution hearing and shall enter a restitution order.

RCW 9.94A.753.[2]

---

[2] The legislature amended RCW 9.94A.753 in 2022 and added a new subsection to RCW 9.94A.753(3), which went into effect on January 1, 2023. LAWS OF 2022, ch. 260, § 3(3)(b).  The new provision provides that the trial court "may determine that the offender is not required to pay, or may relieve the offender of the requirement to pay, full or partial restitution and accrued interest on restitution where the entity to whom restitution is owed is an insurer or state agency, except for restitution owed to the department of labor and industries under chapter 7.68 RCW, if the court finds that the offender does not have the current or likely future ability to pay."  RCW 9.94A.753(3)(b) (emphasis added).

3

No. 84536-5-I/4

While Morgan argues that the court has "inherent" discretion over restitution, he concedes that RCW 9.94A.753(7) does not authorize the trial court to waive restitution when the State seeks restitution for benefits paid under the CVCA. In that case, the statute mandates that the court "shall" order restitution upon request "[r]egardless" of subsection (5), and if it fails to do so, the Department may petition for entry of an order so providing. RCW 9.94A.753(7). In other words, even when "extraordinary circumstances" are present, RCW 9.94A.753(7) does not authorize the sentencing court to waive restitution for costs incurred under the CVC program.

Still, Morgan argues that RCW 9.94A.753(7) does not require the trial court to impose a particular amount of restitution or require the court to impose the full amount of restitution paid under the CVC program. He contends that because RCW 9.94A.753(5) and RCW 9.94A.753(7) are both "silent as [to] the amount" of restitution, the provisions should be interpreted in the same manner.

But to support his claim that the court's discretion extends to restitution under subsection (7), Morgan relies on authority involving restitution requested by an insurer under subsection (5). See, e.g., State v. D.L.W., 14 Wn. App. 2d 649, 659, 472 P.3d 356 (2020) (adult court sentencing a juvenile has discretion under RCW 9.94A.753(5) to consider youthfulness in determining the amount of restitution owed to an insurer). And, Morgan's argument fails to appreciate the interplay between the restitution statute, the CVCA, and the language of subsection (7), which "specifically directs the court to disregard the terms of subsection (5)." State v. McCarthy, 178 Wn. App. 290, 301, 313 P.3d 1247 (2013) (rejecting claim of error based on failure to address causal connection

4

between expenses imposed as restitution under RCW 9.94A.753(7) and criminal conduct).

The CVCA provides that "[a]ny payment of benefits to or on behalf of a victim under this chapter creates a debt due and owing to the department by any person found to have committed the criminal act." RCW 7.68.120. This same section reiterates that the Department must petition for entry of a restitution order if the court fails to enter one. RCW 7.68.120. Repayment of the debt owed to the Department may be "waived, modified downward[,] or otherwise adjusted by the department in the interest of justice, the well-being of the victim, and the rehabilitation of the individual." RCW 7.68.120(5). The statute does not provide for modification of restitution by the sentencing court.

Morgan argues in reply that the CVCA contemplates the court's discretion to set the appropriate amount of restitution for CVC program benefits. Morgan points to the language of RCW 7.68.120(1) which provides that "[i]f there has been a superior or district court order . . . the debt shall be limited to the amount provided for in the order. A court order shall prevail over any other order." But in the absence of a prior court order setting restitution, this language does not suggest that the sentencing court has discretion to impose restitution in a different amount than the Department paid in benefits to a victim.

Morgan also claims that the court must have discretion to reduce restitution because the statute allows a convicted individual to request a court hearing when the Department petitions the court for an order of restitution and notifies the individual of the debt owing as a result of the CVC program benefits paid. See RCW 7.68.120(2)(a). We disagree. The ability to request a hearing when the Department directly petitions

5

the court does not mean that when a sentencing court considers the Department's restitution request based on properly documented CVC benefits under RCW 9.94A.753(7), the court may order restitution in an amount less than the benefits paid.

RCW 9.94A.753(7) is consistent with the statutory scheme of the CVCA, which reserves the ability to adjust restitution in appropriate circumstances, to the Department. The plain language of RCW 9.94A.753(7) directs the sentencing court to apply that provision "[r]egardless" of "subsections (1) through (6)." RCW 9.94A.753(7) thus explicitly limits the court's discretion as to restitution premised on CVC benefits. And reading the CVCA with RCW 9.94A.753(7), the court correctly determined that it needed to order restitution to the CVC program in the amount that the Department paid to the victim.

Caselaw addressing restitution reflects our interpretation of the relevant statutes. For instance, in State v. Ramos, 24 Wn. App. 2d 204, 221, 520 P.3d 65 (2022), we considered an Eighth Amendment challenge to restitution and other amounts imposed in connection with the defendant's convictions. We noted that while the sentencing court generally has discretion when imposing restitution, "that discretion does not extend to cases where 'the victim is entitled to benefits under the Crime Victims' Compensation Act, chapter 7.68 RCW.'" Ramos, 24 Wn. App. 2d at 221 (quoting RCW 9.94A.753(7)). We observed that the propriety of restitution based on the CVC program benefits is properly addressed, not by the sentencing court, but by the defendant, who may seek "modification of a restitution order through a petition to the Department of Labor and Industries." Ramos, 24 Wn. App. 2d at 221 (citing RCW 7.68.120(5)). And likewise, in State v. Ellis, 27 Wn. App. 2d 1, 11-12, 530 P.3d 1048 (2023), in the context

6

of a constitutional excessive fines claim, Division Two of this court recently observed that the restitution statute does not allow the sentencing court to modify or waive full restitution to reimburse the CVC program for benefits paid.

Since the State requested restitution solely based on the CVC program benefits paid, the sentencing court did not err in concluding that it lacked discretion under RCW 9.94A.753(7) to reduce the amount of restitution.

Affirmed.

_____Mann, J._____

WE CONCUR:

_____Chung, J._____          _____Hazelrigg, ACJ_____