**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 85437-2-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| DEBRA JEAN KESKEY, | |
| Appellant. | |

MANN, J. — Following her conviction for driving while under the influence, Debra Keskey was ordered to pay restitution for property damage. Keskey appeals the restitution order and argues the trial court abused its discretion by determining that she had the future ability to pay restitution and by imposing interest. We affirm.

I

On October 31, 2018, Keskey was in the city of Everett (City) when she drove through an intersection against a red light and struck a City bus. Keskey was injured and taken to the hospital and a subsequent blood test revealed an alcohol concentration higher than the legal limit. Keskey was charged with driving while under the influence of alcohol.

Keskey pleaded guilty and was sentenced to 15 months confinement. Keskey was also ordered to pay a $500 victim penalty assessment (VPA) in monthly installments of $25 commencing 30 days after release to be paid within 2 years. The State requested restitution in the amount of $9,668.68 for damage to the City bus. Keskey argued that there was no causal relationship between the restitution and the crime of driving under the influence. Keskey also argued that the Social Security Act prohibits the trial court from ordering her to satisfy debt because her only source of income is Social Security disability benefits. 42 U.S.C. § 407(a). At the restitution hearing, the trial court decided more information was needed regarding Keskey's ability to pay and gave Keskey additional time to provide supporting documentation or evidence.

Keskey provided the following evidence. Keskey lost her job in 2022 when her employer's business closed. While incarcerated, Keskey did not receive public assistance and had a monthly income of zero. At the time, her only asset was $2,000 in savings to provide for her pets while she was incarcerated. Keskey was also approved for work release through the Department of Corrections for jobs that would likely pay minimum wage.

At the second restitution hearing, the trial court found that Keskey was indigent. The trial court determined that although indigency may be considered with regard to the amount of restitution, RCW 9.94A.760 states indigency is not grounds for failing to impose restitution. The trial court determined that Keskey had the future ability to pay based on her being approved for work release:

> [T]he Court also recognizes the fact that she is in a position where, as the Court understands, is about to be authorized to engage in work release so she does have some ability to pay the restitution that is owed in this case.
>
> What I'm inclined to do in this case is reduce the restitution to $5,000, set a minimum monthly payment at $50 per month, provide that that is to be paid within 60 months.

The trial court reduced the restitution amount pursuant to RCW 9.94A.753(3)(b) and ordered Keskey to pay $5,000 in monthly installments of $25. Keskey timely appeals the restitution order.[1]

II

Keskey argues the trial court abused its discretion by concluding she had the future ability to pay restitution and interest to the City. Keskey asserts that because she is indigent she does not have the future ability to pay. Thus, Keskey argues, the trial court should have determined she was not required to pay under RCW 9.94A.753(3)(b).

We review a trial court's decision to impose restitution for abuse of discretion. State v. Gray, 174 Wn.2d 920, 924, 280 P.3d 1110 (2012). A trial court must order restitution "whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property." RCW 9.94A.753(5)(1). A defendant being indigent is not grounds for failing to impose restitution. RCW 9.94A.760. But the restitution statute allows a trial court to use its discretion to assess an indigent defendant's ability to pay restitution:

> (b) At any time, including at sentencing, the court may determine that the offender is not required to pay, or may relieve the offender of the requirement to pay, full or partial restitution and accrued interest on restitution where the entity to whom restitution is owed is an insurer or state agency, except for restitution owed to the department of labor and

---

[1] The State also filed a notice of appeal but later withdrew it.

industries under chapter 7.68 RCW, if the court finds that the offender does not have the current or likely future ability to pay. A person does not have the current ability to pay if the person is indigent as defined in RCW 10.01.160(3).

RCW 9.94A.753(3).

The trial court determined Keskey did not have the current ability to pay based on indigency but found that work release approval supported a future ability to pay. And based on Keskey's financial circumstances, the trial court exercised its discretion under RCW 9.94A.753(3)(b) and significantly reduced the restitution amount. Keskey was ordered to commence payment 30 days after release. Because the determination of a future ability to pay is somewhat speculative, "the meaningful time to examine the defendant's ability to pay is when the government seeks to collect the obligation." State v. Bennett, 63 Wn. App. 530, 534, 821 P.2d 499 (1991). If Keskey has a hardship in the future, the restitution statute allows for modification of monthly payments based on changed circumstances and allows modification of restitution as to amount, terms, and conditions. RCW 9.94A.753(2), (4). Keskey fails to establish that the trial court abused its discretion by determining she had the future ability to pay.

Keskey also argues the trial court abused its discretion by ordering her to pay interest to the City because it failed to consider several statutory factors all of which weigh in favor of waiving interest.

The trial court has discretion not to impose interest on restitution. RCW 10.82.090(2). Before a trial court determines not to impose interest it must inquire into and consider the following:

> (a) whether the offender is indigent as defined in RCW 10.01.160(3) or general rule 34; (b) the offender's available funds, as defined in RCW

> 10.101.010(2), and other liabilities including child support and other legal financial obligations; (c) whether the offender is homeless; and (d) whether the offender is mentally ill, as defined in RCW 71.24.025.

RCW 10.82.090(2).

Contrary to Keskey's assertion, the trial court is required to inquire into and consider the above factors before deciding <u>not</u> to impose interest. Here, the trial court imposed interest and the statute does not require consideration of the factors to do so. Moreover, Keskey may seek relief from paying interest following release from confinement if she cannot pay or if the principal has been paid in full. RCW 10.82.090(3). Keskey otherwise fails to persuade us that the trial court abused its discretion by imposing interest on restitution.

We affirm.[2]

_Mann, J._

WE CONCUR:

_Hazelrigg, A.C.J._       _Smith, C.J._

---

[2] Keskey alternatively argues that her Social Security benefits are protected by the Social Security Act from collection to satisfy a legal debt. The judgment and sentence expressly states that "legal financial obligations may not be satisfied out of any funds subject to the Social Security Act's anti-attachment statute, 42 U.S.C. § 407(a)." Remand is not necessary to repeat the provision on the restitution order.

Keskey also argues remand is necessary to strike the VPA because she is indigent. Because Keskey did not timely appeal the judgment and sentence, the issue is waived. RAP 2.4; RAP 5.2.