IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON, | No. 86832-2-I |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| E.T.-S.W., | |
| Appellant. | |

BOWMAN, A.C.J. — E.T.-S.W. appeals from the disposition entered on his conviction for child molestation in the first degree. E.T.-S.W. contends that the trial court erred by ordering restitution to the Crime Victims' Compensation Program (CVCP) under RCW 13.40.190(2). We affirm.

FACTS

On April 10, 2024, 17-year-old E.T.-S.W. pleaded guilty to one count of child molestation in the first degree for sexually touching 4-year-old L.W. in September 2021. The same day, he received a special sex offender disposition alternative (SSODA). As part of his SSODA, the court ordered E.T.-S.W. to pay restitution to the Department of Labor and Industries' (L&I's) CVCP.

At the June 2024 restitution hearing, the State requested that the court order E.T.-S.W. to pay $1,113.17 to the CVCP. In support of its request, the State introduced a document from the CVCP showing that the program paid $1,113.17 to L.W.'s medical providers in October 2021 and January 2022 for services provided to L.W. in September 2021. E.T.-S.W. objected to the amount,

arguing that the State needed to prove that the medical bills had first been provided to L.W.'s health insurance provider.[1] The State argued that under case law, RCW 13.40.190(2), and the crime victims' compensation act (CVCA), chapter 7.68 RCW, sexual assault examination costs "performed for the purpose of gathering evidence for prosecution shall be paid by the [s]tate." The trial court rejected E.T.-S.W.'s arguments and agreed with the State. It ordered E.T.-S.W. to pay restitution to the CVCP in the amount of $1,113.17.

E.T.-S.W. appeals.

ANALYSIS

E.T.-S.W. asserts that the trial court erred by ordering restitution to the CVCP in the amount of $1,113.17 because the State had an obligation to show that L.W.'s medical examination qualified for reimbursement under the CVCA and that she first submitted her medical bills to her insurance company before payment of CVCA benefits. We disagree.

A trial court's restitution order will not be disturbed on appeal absent an abuse of discretion. *State v. Enstone*, 137 Wn.2d 675, 679, 974 P.2d 828 (1999). Application of an incorrect legal analysis or other error of law can amount to abuse of discretion. *State v. Kinneman*, 155 Wn.2d 272, 289, 119 P.3d 350 (2005). Where an issue raises a question of statutory interpretation, our review is de novo. *State v. Gray*, 174 Wn.2d 920, 926, 280 P.3d 1110 (2012).

---

[1] E.T.-S.W. also argued that only bills for colposcopy exams were eligible for restitution and that there was no evidence L.W. underwent that exam. He also argued that L.W.'s September 2021 medical exam was voluntary rather than required. E.T.-S.W. does not make these arguments on appeal.

The trial court's authority to order restitution derives entirely from statute. *State v. Tobin*, 161 Wn.2d 517, 523, 166 P.3d 1167 (2007). For juvenile offenders, the court's authority derives from RCW 13.40.190. That statute provides, in relevant part, that "the court shall order restitution in all cases where the victim is entitled to benefits under the [CVCA]." RCW 13.40.190(2). The CVCA entitles victims to benefits for any medical treatment caused by the effects of the criminal act, including colposcopy examinations and mental health counseling for victims of child sexual offenses. RCW 7.68.080(1), (2), (5), (8).

Administration of the CVCP is the responsibility of L&I. RCW 7.68.015. Ordinarily, "victims shall use their private insurance coverage" before L&I will pay CVCP benefits. RCW 7.68.130(5). But an exception to this rule exists for sexual assault examinations. RCW 7.68.170. All costs incurred for the examination of the victim of a sexual assault, "when such examination is performed for the purposes of gathering evidence for possible prosecution," must be paid directly by the state. *Id.*

The CVCA does not entitle certain crime victims to benefits, including those who do not timely report the crime to law enforcement, have outstanding legal obligations, or were in the commission of a felony at the time of injury. *State v. Morgan*, 4 Wn.3d 261, 273, 562 P.3d 360 (2025); *see* RCW 7.68.060, .061. But for victims who are entitled to benefits, "[t]he amount of benefits L&I pays on behalf of a victim is directed by statute." *Morgan*, 4 Wn.3d at 273. And any payment of benefits from the CVCP "creates a debt due and owing to [L&I] by any person found to have committed the criminal act in either a civil or criminal court proceeding in which he or she is a party." RCW 7.68.120(1).

Further, the "debt" created by payment from the CVCP is "not a general obligation that the court later determines in its discretion." *Morgan*, 4 Wn.3d at 274. Instead, the "debt" is for the specific amount already paid by L&I. *Id.*

When L&I determines that a victim is entitled to benefits and issues payment from the CVCP, "the trial court orders restitution owed to L&I based on supporting documentation that verifies the payment of these benefits." *Morgan*, 4 Wn.3d at 274. A criminal defendant may challenge whether the victim is an eligible recipient of benefits, whether the services to the victim were causally connected to the crime, and whether the amount requested accurately reflects the amount paid by L&I. *Id.* at 277. Otherwise, the authority to reduce the amount that must be repaid to the CVCP rests solely with L&I, not the courts. *See* RCW 7.68.120(5) ("Any requirement for payment due and owing [L&I] by a convicted person under this chapter may be waived, modified downward or otherwise adjusted *by* [*L&I*] in the interest of justice, the well-being of the victim, and the rehabilitation of the individual.").[2] RCW 13.40.190(2) "does not afford courts discretion to modify amounts owed for CVCA benefits." *Morgan*, 4 Wn.3d at 272 (interpreting identical language in RCW 9.94A.753(7) that "the court shall order restitution in all cases where the victim is entitled to benefits under the [CVCA]").

Here, the State produced a document from the CVCP showing that the program paid $1,113.17 to Providence Regional Medical Center and advanced registered nurse practitioner (ARNP) Christa Kleiner for medical services

---

[2] Emphasis added.

provided to L.W. as the result of E.T.-S.W.'s criminal act.[3]  The document further shows that the CVCP paid the benefits more than two years before E.T.-S.W.'s disposition hearing in April 2024.  E.T.-S.W. does not dispute that L.W. was an eligible victim, that the services were causally connected to his offense, or that the document accurately reflected the amount L&I paid.  Instead, he asserts that the trial court should have conducted its own calculation of benefits payable to L.W.'s medical providers.  But, as discussed above, administration of the CVCP is the responsibility of L&I.  And payment of benefits from the CVCP creates a debt due to L&I in the amount of the benefits paid.  The trial court has no authority to modify that amount.

Because L.W. was a crime victim entitled to benefits under the CVCA and the trial court ordered restitution in the amount already paid by L&I, there was no error.  We affirm the restitution order.

_____, ACJ

WE CONCUR:

_____         _____
Feldman, J.                                  Coburn, J.

---

[3] E.T.-S.W. molested L.W. on September 1, 2021.  The document provided by the State shows Providence and ARNP Kleiner saw L.W. the next day on September 2, 2021, and again two weeks later on September 16.  The CVCP paid for those visits on October 12, 2021 and January 11, 2022.  E.T.-S.W. did not object to the introduction of this document.