[No. 76134-5.    En Banc.]
Argued March 17, 2005.    Decided August 11, 2005.

THE CITY OF BREMERTON, *Respondent*, v. JOSEPH HAWKINS, *Appellant*.

*Joseph W. Hawkins*, pro se.

*Thomas E. Weaver, Jr.*, for appellant.

*Russell D. Hauge, Prosecuting Attorney*, and *Randall A. Sutton, Deputy*, for respondent.

¶1  C. JOHNSON, J. — This case is a companion case to *City of Redmond v. Bagby*, 155 Wn.2d 60, 117 P.3d 1126 (2005) and involves a challenge to the driver's license suspension procedures based on a criminal conviction of a minor. Pursuant to RCW 46.20.265, minors convicted of possession of alcohol or drugs shall have their driver's license suspended as part of the sentence imposed. Joseph Hawkins challenges a decision denying his motion to vacate five separate convictions of driving while license suspended. We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2  In January 1999, 19-year-old Hawkins was arrested for possession of marijuana. Clerk's Papers (CP) at 93. He was convicted of minor in possession of drugs, and his sentence included a mandatory revocation of his driver's license under RCW 46.20.265. No separate presuspension hearing was provided. Hawkins continued to drive without a valid driver's license and on five separate occasions was arrested and convicted for driving while license suspended. CP at 1-14.

¶3  In August 2004, Hawkins filed five motions in Bremerton Municipal Court to vacate his convictions of driving while license suspended. He argued that all of the convictions were invalid pursuant to *City of Redmond v. Moore*, 151 Wn.2d 664, 91 P.3d 875 (2004), since no Department of Licensing (Department) hearing was provided to him before his license was originally suspended. In October

2004, the trial court denied Hawkins' motions to vacate as untimely under RCW 10.73.090[1] and RCW 10.73.100.[2]

¶4 Hawkins appealed to this court, and we accepted direct review as a companion case to *Bagby*. Hawkins contends that his original 1999 license suspension was invalid because the Department did not provide him sufficient due process prior to suspension and that the trial court erred by denying his motions as untimely. The city of Bremerton argues that the motions were properly denied as untimely by the trial court.

¶5 Consistent with our analysis in *Bagby*, we affirm the trial court.

## DISCUSSION

¶6 The principal issue in this case is whether Hawkins had a constitutional due process right to a hearing by the Department before his license was revoked as part of a criminal conviction under RCW 46.20.265.[3] This case is similar to *Bagby*, in which we held that a person's due process protections are satisfied if the mandatory license suspension is based on a final criminal conviction. *Bagby*, 155 Wn.2d at 65. Although the trial court denied the motions as untimely, the issues presented in this case are largely controlled by the analysis in *Bagby*.

¶7 In *Bagby*, we held that defendants who have their license revoked under either RCW 46.20.270 or RCW 46.20-.265 do not have a constitutional right to a hearing by the Department prior to suspension. *Bagby*, 155 Wn.2d at 65. Under RCW 46.20.270 and RCW 46.20.265, defendants

---

[1] "No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final . . . ." RCW 10.73.090(1).

[2] The time limit specified in RCW 10.73.090 does not apply to a petition or motion that is based solely on "a significant change in the law, whether substantive or procedural, which is material to the conviction." RCW 10.73.100(6).

[3] "In addition to any other authority to revoke driving privileges under this chapter, the department shall revoke all driving privileges of a juvenile when the department receives notice from a court pursuant to RCW . . . 66.44.365 . . . ." RCW 46.20.265(1).

have their licenses suspended after a criminal conviction. In *Bagby*, we held that the criminal proceedings satisfied due process concerns if the suspension is related to a significant government interest. Although the analysis is slightly different here, the result is the same.

¶8 In both *Moore* and *Bagby*, the *Mathews v. Eldridge* three-part balancing test was utilized to determine what due process is constitutionally required. *Mathews v. Eldridge*, 424 U.S. 319, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). This balancing test examines the private interest involved, the likelihood of erroneous deprivation, and the government interest involved. Though a driver's license is a substantial private interest, we held that a final conviction makes erroneous deprivation unlikely under both RCW 46.20.270 and RCW 46.20.265, since the defendant is sentenced in person before a judge. *Bagby*, 155 Wn.2d at 65.

¶9 While the government interest in keeping minors who are convicted of possessing alcohol, drugs, or a firearm from driving might be considered less important for public safety than suspending the licenses of "habitually dangerous" drivers, the legislature has determined that convicted defendants create a public safety concern. In fact, "[t]he legislature finds that the license to drive a motor vehicle on the public highways is suspended or revoked in order to protect public safety following a driver's *failure to comply with the laws of this state*." LAWS OF 1998, ch. 203, § 1 (emphasis added). As a result, with all mandatory license revocations based on criminal convictions, there is a significant government interest in public safety.

■ ■ ¶10 As in *Bagby*, although a driver's license is a substantial private interest, erroneous deprivation is unlikely because the defendant personally appears before the judge for imposition of the suspension and there is a significant government interest in the license revocation of convicted criminals. *Bagby*, 155 Wn.2d at 65. Thus, a conviction that results in a mandatory license suspension for a minor, under RCW 46.20.265, satisfies

constitutional due process requirements without a separate Department hearing.

## CONCLUSION

¶11 Hawkins' due process requirements were satisfied in the original suspension of his license, and his motions to vacate the convictions were properly denied. The timeliness of the motions does not need to be addressed. We affirm the trial court.

ALEXANDER C.J., and MADSEN, BRIDGE, CHAMBERS, OWENS, FAIRHURST, and J.M. JOHNSON, JJ., concur.

¶12 SANDERS, J. (dissenting) — This companion case to *City of Redmond v. Bagby*, 155 Wn.2d 60, 117 P.3d 1126 (2005) presents the same issue: whether a person whose driver's license is revoked or suspended because of a criminal conviction is entitled to an administrative hearing before the Department of Licensing revokes or suspends the license? I dissent here for the reasons stated in my *Bagby* dissent. Joseph Hawkins was convicted of being a minor in possession of controlled substances, which requires revocation of his driver's license[4] without the potential for a hearing. Due process requires more. Hawkins is entitled to the possibility of a hearing to ensure administrative accuracy.

¶13 The majority does not reach the timeliness of Hawkins's motion to vacate his convictions. Since RCW 46.20-.265(1) is unconstitutional on its face, RCW 10.73.100(2) exempts the motion from the normal one year time limit for a collateral attack. *See* RCW 10.73.090(1). The motion is proper and should be granted.

---

[4] Hawkins's license was revoked under RCW 46.20.265(1), which requires mandatory revocation for conviction of, inter alia, being a minor in possession of controlled substances.

¶14  I would reverse the trial court and vacate Hawkins's convictions.

¶15  I dissent.