

FILE
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE JUL 0 3 2019

CHIEF JUSTICE

This opinion was
filed for record
at 8am on July 3, 2019

Susan L. Carlson
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| STATE OF WASHINGTON, | ) ) ) | No. 96490-4 |
| Respondent, | ) ) | |
| v. | ) ) | En Banc |
| SHACON FONTANE BARBEE, | ) ) | |
| Petitioner. | ) ) ) | Filed: JUL 0 3 2019 |

YU, J.— RCW 9.94A.753(1) provides that restitution must be determined within 180 days of "the sentencing hearing." In this case, petitioner Shacon Barbee had two sentencing hearings—an initial sentencing hearing in 2013 and a resentencing on remand in 2017. We must determine which one is "the sentencing hearing" for restitution purposes. The Court of Appeals correctly held that in this case, "the sentencing hearing" is the resentencing on remand, so the trial court did not exceed its statutory authority by entering a second restitution award following resentencing. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

"Barbee was a pimp who made money from prostitutes working under his supervision." *State v. Barbee*, 187 Wn.2d 375, 378, 386 P.3d 729 (2017). In 2013, Barbee was convicted of the following offenses:

- Count 1: Promoting commercial sexual abuse of a minor
- Count 2: Promoting commercial sexual abuse of a minor
- Count 4: Promoting prostitution in the second degree
- Count 5: Promoting prostitution in the second degree
- Count 6: Leading organized crime
- Count 7: Theft in the first degree from the United States Social Security Administration (SSA)
- Count 8: Theft in the first degree from the SSA
- Count 9: Theft in the second degree from the Department of Social and Health Services, now known as the Washington Health Care Authority (HCA)

Barbee was given exceptional sentences on Counts 1, 2, and 6, and standard-range sentences on the other counts. After a restitution hearing, the court entered a timely restitution award in favor of the SSA for $15,078.

Barbee appealed, contending in relevant part that the "two counts of second degree promoting prostitution [Counts 4 and 5] constitute a single unit of prosecution." *Id.* at 381. This court affirmed Barbee's convictions for Counts 4 and 5 but held that Barbee's "exceptional sentence on [Count 1] exceeded the statutory maximum and that he is entitled to a resentencing hearing." *Id.* at 392.

The trial court held a resentencing hearing on March 22, 2017, at which point the State's attorney noted that "we're doing a resentencing as opposed to an

2

order simply correcting the Judgment and Sentence because the Court is still using its discretion to determine where in that standard range for Count I between 108 and 120 the Court wants to sentence the defendant." Suppl. Verbatim Report of Proceedings (VRP) (Mar. 22, 2017) at 10-11. At the hearing, the court entered "a brand-new Judgment and Sentence," which imposed a 120-month term of confinement for Count 1 "to run concurrent with all the other sentences on the respective counts." *Id.* at 12, 15. The new judgment and sentence also imposed the same terms of confinement previously ordered for Barbee's other convictions and further included two checked boxes stating, "Restitution to be determined at future restitution hearing," on a "Date to be set." Clerk's Papers at 215.

A restitution investigator in the King County Prosecutor's Office Victim Assistance Unit sent Barbee's attorney a letter, an unsigned proposed order setting restitution, and supporting documentation. This restitution order included both the $15,078.00 previously awarded to the SSA and an additional $4,150.09 in favor of the HCA. Barbee's attorney signed the restitution order, returned it to the restitution investigator, and waived notice of presentation. On June 14, 2017, the court entered the order setting restitution as agreed.

Barbee appealed this second restitution award, and the Court of Appeals affirmed in an unpublished opinion. *State v. Barbee*, No. 76618-0-I (Wash. Ct. App. Oct. 8, 2018) (unpublished), http://www.courts.wa.gov/opinions/pdf/

3

766180.PDF. We granted Barbee's petition for review "only on the issue of whether the trial court had authority to enter the second restitution award."[1] Order Granting Review, *State v. Barbee*, No. 96490-4 (Wash. Feb. 6, 2019).

## ISSUE

Did the trial court have authority to enter the second restitution award?

## ANALYSIS

"'Restitution' means a specific sum of money ordered by the sentencing court to be paid by the offender to the court over a specified period of time as payment of damages. The sum may include both public and private costs." RCW 9.94A.030(43). "The authority to impose restitution is not an inherent power of the court, but is derived from statutes." *State v. Davison*, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991). The statute at issue here is RCW 9.94A.753(1), which provides in relevant part, "When restitution is ordered, the court shall determine the amount of restitution due at the sentencing hearing or within one hundred eighty days." "The time limit is mandatory unless extended for good cause." *State v. Gray*, 174 Wn.2d 920, 925, 280 P.3d 1110 (2012).

---

[1] To the extent that this case potentially implicates other issues including but not limited to the scope of this court's remand, the law of the case doctrine, finality of a judgment and sentence, and prosecutorial or judicial vindictiveness, such issues are beyond the scope of our order granting review, and we decline to address them.

To determine whether the second restitution award in this case complied with the statutory time limit, we must decide whether the statute directs us to measure timeliness from Barbee's initial sentencing hearing in 2013, as Barbee contends, or his resentencing hearing in 2017, as the State contends.[2] This is a question of statutory interpretation, reviewed de novo. *State v. Gonzalez*, 168 Wn.2d 256, 263, 226 P.3d 131 (2010). Because there is no statutory definition of "the sentencing hearing," we must examine the statutory context to determine the legislature's intent. *See id.*

As Barbee correctly notes, the statutory context and our own precedent show that "a restitution award is linked to a particular victim and a particular offense." Suppl. Br. of Pet'r at 8. RCW 9.94A.753(3) makes it clear that restitution is imposed "pursuant to a criminal conviction" and is determined by reference to "the offender's gain or the victim's loss from the commission of the crime." Accordingly, we have held that restitution generally may be awarded only for "the crime or crimes on which a conviction is specifically based," *State v. Eilts*, 94 Wn.2d 489, 492-93, 617 P.2d 993 (1980), and "is statutorily connected to the victims' losses," *State v. Kinneman*, 155 Wn.2d 272, 280, 119 P.3d 350 (2005). Barbee is therefore correct that "the sentencing hearing" does not refer broadly to

---

[2] The parties agree that the second restitution award is not a "modification" of the first award because restitution awards cannot be modified to add new victims. *See* RCW 9.94A.753(4); *State v. Chipman*, 176 Wn. App. 615, 622, 309 P.3d 669 (2013).

*any* sentencing hearing for *any* offense against *any* victim. Rather, "the sentencing hearing" generally refers to "the hearing at which the offender is sentenced for the particular offense for which restitution is to be imposed."[3] Suppl. Br. of Pet'r at 9.

However, the record unequivocally shows that Barbee *was* sentenced for his theft from the HCA (Count 9) at his 2017 resentencing hearing. At that hearing, the trial court stated that it was entering "a brand-new Judgment and Sentence" and Barbee's counsel confirmed that "the Court's correct in characterizing the position of the case and what's going to happen today." Suppl. VRP (Mar. 22, 2017) at 12. Barbee's new judgment and sentence, filed on March 22, 2017, unambiguously ordered a term of confinement for Count 9 (and all of the other counts of conviction) and clearly noted that restitution was to be determined at a later date.

Nevertheless, Barbee argues that "the sentencing hearing" for Count 9 refers only to the hearing at which the court initially imposed a term of confinement for Count 9—that is, the 2013 sentencing hearing. This narrow reading, unsupported by any statutory language, is contrary to the purpose of the restitution statute in general and its mandatory timeline in particular.

---

[3] This general definition does not apply where "the defendant enters into an express agreement to pay restitution in the case of uncharged crimes." *Kinneman*, 155 Wn.2d at 286. Clearly an offender cannot be sentenced for uncharged crimes, but restitution can nevertheless be imposed for those offenses pursuant to RCW 9.94A.753(5).

Restitution serves both to rehabilitate the defendant and to compensate the victim. *Gray*, 174 Wn.2d at 929-30. We have repeatedly recognized that the plain language of RCW 9.94A.753 indicates a "legislative intent that the applicable restitution statute be interpreted broadly to allow restitution." *Davison*, 116 Wn.2d at 920; *see also Gray*, 174 Wn.2d at 925; *Gonzalez*, 168 Wn.2d at 265-66. Barbee's narrow reading would directly undermine the legislature's intent and the purposes of restitution by allowing him to avoid the financial consequences of his undisputed theft from the HCA.

In addition, Barbee's proposed interpretation does nothing to advance the specific purpose of the statutory time limit. "The legislature certainly values finality in sentencing, and we have recognized that victims' 'rights will be cut off' when the State fails to comply with the 180 day time limit." *Gray*, 174 Wn.2d at 929 (quoting *State v. Moen*, 129 Wn.2d 535, 542, 919 P.2d 69 (1996)). Therefore, "[u]ndoubtedly, the purpose for the mandatory 60-day (now 180-day) limit is to avoid delay in the resolution of a criminal charge." *State v. Duvall*, 86 Wn. App. 871, 875, 940 P.2d 671 (1997). However, this legislative purpose was not undermined by the second restitution award here because all the restitution in favor of both the SSA and the HCA was awarded in a single, timely, agreed order.

7

## CONCLUSION

Barbee was unambiguously sentenced for his theft from the HCA at the 2017 resentencing hearing. Therefore, that resentencing hearing is "the sentencing hearing" for purposes of RCW 9.94A.753(1). The second restitution award was entered within 180 days of that hearing and thus was within the trial court's statutory authority. We affirm.

8

_____
Yu, J.

WE CONCUR:

_____
Fairhurst, C.J.

_____
Johnson, J.

_____
Madsen, J.

_____
Owens, J.

_____
Stephens, J.

_____
Wiggins, J.

_____
González, J.

_____
Gordon McCloud, J.

9